UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA A. MCNEILL<br><br>    Plaintiff<br><br>v.<br><br>STEWARD HEALTH CARE, HOLY FAMILY HOSPITAL, JOSEPH W. AMBASH, MASSACHUSETTS NURSES ASSOCIATION, JAMES F. LAMOND, and RICHARD BOULANGER<br><br>    Defendants | Civil Action No. 1977CV00343B |

**NOTICE OF REMOVAL**

Pursuant to 28 USC §§ 1441 and 1446(a), the defendants Massachusetts Nurses Association ("MNA") and James Lamond, Esq. ("Attorney Lamond") serve notice of removal of this suit, now pending in the Massachusetts Superior Court for the County of Essex. Removal is warranted because the Plaintiff has asserted claims that 1) arise, or are cognizable, under 29 U.S.C. 185, over which the federal district court has original jurisdiction, and 2) are "completely preempted" by federal law. A short and plain statement of the grounds for removal follows:

The MNA is a labor organization that served as the Plaintiff's collective bargaining representative during the time she was employed by the defendant Steward Health Care (Steward) at its Holy Family Hospital ("Hospital") in Haverhill, Massachusetts -- a private sector employer. The MNA and Steward

were parties at all times relevant to a collective bargaining agreement ("CBA") encompassing registered nurses ("RNs") at the Hospital, and which provided for arbitration of disputes arising under the agreement.

After the defendant Hospital terminated the Plaintiff's employment, after the MNA grieved her termination through arbitration (represented by Attorney Lamond), and after defendant arbitrator Richard Boulanger ("Arbitrator Boulanger") issued an arbitration award finding Steward had just cause to discharge her, and thus did not breach the CBA, the Plaintiff brought the above captioned suit in the Essex County Superior Court – docket number 1977CV00343B.

While the Plaintiff's pro se Complaint (appended hereto as Exhibit 1) is difficult to understand and oddly drafted, its gravamen appears to be that the MNA, acting through its attorney, did not fulfill its duty of fair representation, and that Steward and the Hospital breached the CBA's just cause provision. She appears to also be claiming that Arbitrator Boulanger's decision was erroneous. The Plaintiff's Complaint and attached documents are replete with references of what the MNA, and Attorney Lamond as its agent, did or did not do during the arbitration hearing. For example, the Complaint states, "contradictory witness testimonies evident + ignored – compare pre-arbitration interviews vs. under oath," (Exhibit 1, p. 4), and "other Defendant/accused Nurse, Susan Cassell RN allowed to stay home, non-attend hearings except last 'day' to testify," (Exhibit 1, p. 4). The Plaintiff also asserts that her firing was not for just cause and thus a breach of the parties' collective bargaining

agreement ("CBA"). (Exhibit 1, p. 7). In addition she claims "Negligence by Arbitrator." (Exhibit 1, p. 4.)

Under the well-established precedent of the First Circuit, this Court has original jurisdiction because "state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 830 (1st. Cir. 1997). Because "[a] union's rights and duties as the exclusive bargaining agent in carrying out its representational functions is . . . an area [as to which] Congress has 'occupied th[e] field and closed it to state regulation," Condon v. United Steelworkers of America, 683 F.2d 590, 595 (1st Cir. 1982), this Court has original jurisdiction over the Plaintiff's suit. In addition, to the extent the Plaintiff's confusing Complaint raises common law claims, those all arise from the same operative facts concerning the arbitration. Accordingly, "LMRA complete preemption" transforms those into claims arising under federal labor law, establishing a basis for federal jurisdiction.[1] Also, under federal law, "[b]ecause an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators." New England Cleaning Services, Inc. v. American Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999).

---

[1] See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 53 (1st Cir. 2013). "LMRA" refers to the Labor Management Relations Act of 1947, 29 U.S.C. § 141 *et seq.*

Pursuant to 28 U.S.C. § 1446(b)(2)(A), the undersigned counsel for Lamond and the MNA states that he has conferred with counsel for Steward, the Hospital, Attorney Joseph Ambash, and Arbitrator Boulanger and is authorized to represent that all co-defendants consent to the removal of this action.

> For the Defendants,
> Massachusetts Nurses Association
> and James F. Lamond,
>
> By their attorneys,
>
> */s/ Dennis M. Coyne*
> Dennis M. Coyne, BBO# 681389
> McDonald Lamond Canzoneri
> 352 Turnpike Road, Suite 210
> Southborough, MA  01772-1756
> (508) 485-6600
> dcoyne@masslaborlawyers.com

Dated:  April 11, 2019

## CERTIFICATE OF SERVICE

I, Dennis M. Coyne, hereby certify that I have this day, by first-class mail, postage prepaid, served a copy of the foregoing Notice of Removal upon Barbara McNeill, 12 Andover Street, Salem, MA 01970, as well as by PDF E-Mail upon counsel for Steward Health Care (jnadreau@fisherphillips.com), Holy Family Hospital (jnadreau@fisherphillips.com), Joseph Ambash (jnadreau@fisherphillips.com), and Richard Boulanger (forrgbboulanger@aol.com).

Dated:  April 11, 2019           */s/ Dennis M. Coyne*
                                  Dennis M. Coyne