UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA MCNEILL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| STEWARD HEALTH CARE, LLC, JOSEPH | *  Civil Action No. 19-cv-10697-ADB |
| AMBASH, MASSACHUSETTS NURSES | * |
| ASSOCIATION, JAMES LAMOND, | * |
| RICHARD BOULANGER, and HOLY | * |
| FAMILY HOSPITAL, | * |
| | * |
| Defendants. | * |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

*Pro se* Plaintiff Barbara McNeill brings this action against Defendants Steward Health Care, LLC, Holy Family Hospital, Massachusetts Nurses Association ("MNA"), Joseph Ambash ("Ambash"), James Lamond ("Lamond"), and Richard Boulanger ("Boulanger") (collectively, "Defendants") following her termination and related arbitration proceedings. [ECF No. 1-1 ("Complaint" or "Compl.")]. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF Nos. 12, 17]. For the reasons set forth below, Defendants' motions to dismiss [ECF Nos. 12, 17] are GRANTED without prejudice.

I.  BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). As here, where the Plaintiff is proceeding *pro se*, the Court "hold[s] *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to

technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). Accordingly, the Court liberally construes the Complaint. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff is a registered nurse and former employee of Holy Family Hospital in Haverhill, Massachusetts. [Compl. at 3, 6]. Plaintiff's employment with Holy Family Hospital was terminated on October 13, 2016, and she was thereafter involved in an arbitration proceeding related to the termination.[1] [Id. at 3–4]. Boulanger was the arbitrator. [Id. at 6]. Ambash is the attorney who represented Defendant Steward Health Care, LLC at the arbitration. [Id.]. Lamond is the attorney who represented MNA at the arbitration.[2] [Id.]. The arbitration lasted six days between August 2017 and February 2018, and the arbitrator issued a decision on October 16, 2018. [ECF No. 14 at 165–66 (exhibits to state court complaint)]. Plaintiff alleges that the arbitration proceedings were fraudulent because: contradictory testimony was presented; film evidence was tampered with; Plaintiff's supervisor and a security guard were not allowed to testify; "inappropriate privileges" were invoked that resulted in another defendant to the arbitration being allowed to not attend most of the proceedings; retaliation letters from 2011 were read; and, the arbitrator was negligent. [Compl. at 4, 7]. Plaintiff requests that this Court review the arbitration evidence. [Id. at 7].

---

[1] Although the circumstances of the Plaintiff's termination are not clear from the text of the Complaint, the motions to dismiss indicate that Plaintiff was terminated "for witnessing, but failing to intervene" while a colleague was attacked by a patient. See [ECF No. 17 at 1]; see also [Compl. at 7 (claiming to be "accused of having eye contact and hearing a nursing assistant ask [her] directly 'Barbara, help me'")].

[2] MNA is "a labor organization that served as Plaintiff's collective bargaining representative during the time she was employed by . . . Steward Health Care . . . at its Holy Family Hospital . . . ." [ECF No. 1 at 1]. Plaintiff clarifies in her briefing that Lamond also represented her at the arbitration. [ECF No. 16 at 10].

Plaintiff also alleges that all Defendants are guilty of defamation and employment discrimination, that she was not terminated for a just cause, and that she was subjected to a hostile work environment during her tenure at the hospital. [Id. at 4, 7]. The Complaint claims damages of approximately $400,000 in lost wages and other compensation. [Id. at 10].

On March 12, 2019, Plaintiff filed this action in Essex County Superior Court ("Superior Court"). [Id. at 8]. On April 11, 2019, MNA and Lamond removed the action to this Court, and the remaining defendants consented to removal. [ECF Nos. 1, 4]. On April 24, 2019, Defendants Boulanger, Lamond, and MNA moved to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that the Complaint fails to comply with pleading requirements, that certain Defendants are immune from suit, that Plaintiff's claims are time-barred or preempted, and that the allegations otherwise fail to state a claim. [ECF No. 12; ECF No. 12-1 at 1–2]. On May 8, 2019, Plaintiff opposed the motion to dismiss. [ECF Nos. 15, 16]. On May 9, 2019, Defendants Steward Health Care, LLC, Holy Family Hospital, and Ambash moved to dismiss the Complaint and adopted the arguments made by Boulanger, Lamond, and MNA. [ECF No. 17]. Plaintiff opposed this motion as well on May 22, 2019. [ECF Nos. 18, 19].

## II. LEGAL STANDARD

To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation

omitted).  The plaintiff's obligation to articulate the basis of her claims "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

A complaint does not need to provide an exhaustive factual account, only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Further, "[e]ach allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense."  See Belanger v. BNY Mellon Asset Mgmt., No. 15-cv-10198, 2015 WL 3407827, at *1 (D. Mass. May 27, 2015).  In addition, Federal Rule of Civil Procedure 9(b), which provides for a heightened pleading standard in fraud cases, requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "This standard means that a complaint must specify the time, place, and content of an alleged false representation."  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009) (internal quotation marks and citation omitted).  *Pro se* plaintiffs are obliged to comply with the Federal Rules of Civil Procedure, including the requirements of Rule 8 and 9.  See Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780, 2016 WL 1056973, at *1, *5–6 (D. Mass. Mar. 14, 2016) (dismissing *pro se* claims of fraud and negligent misrepresentation for failing to comply with Rule 9); Koplow v. Watson, 751

F. Supp. 2d 317, 320–21 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

**III. DISCUSSION**

Here, the Complaint consists of a form complaint to which the Plaintiff has attached a typed narrative in the form of a letter (together "the Complaint"). See [Compl. at 3–4, 6–7]. Even liberally construing the Complaint, the Court cannot find that Plaintiff has met the pleading requirements of Rules 8 or 9. Taken together, the facts included on the form and the attached narrative portion do not contain "simple, concise and direct" allegations, sufficient to allow the defendants to understand and respond to the charges levied against them. See [Compl. at 3–4, 7]. Both the form complaint and the attached narrative are meandering, and at times incoherent, discussions of Plaintiff's concerns and views about her termination and the related arbitration. See [id.]. Further, the fraud allegations, which are subject to a heightened pleading standard, do not "specify the time, place, and content" of the alleged fraud. See Gagne, 565 F.3d at 45 (internal quotation marks omitted).

The "Facts" section on the form states that Plaintiff was wrongfully terminated, that she is bringing claims for employment discrimination and defamation, and that she believes that her arbitration was fraudulent. [Compl. at 3–4]. It then lists instances of alleged "fraud" at the arbitration without discussion of who engaged in the frauds and without specific details as to what was fraudulent about the conduct. [Id. at 4]. For example, one of the stated instances of fraud is the "reading of 2011 retaliation letters." [Id.]. It is not clear from the form or the attached narrative who read the letters, what the letters are, or how a person reading the letters rendered the arbitration proceedings fraudulent. See [id.]. Beyond the lack of detail related to alleged fraud, the "Facts" section also does not describe the circumstances of the allegedly

5

wrongful termination, identify the alleged defamatory statement(s), or explain how Plaintiff was discriminated against.  See [id. at 3–4].

The attached narrative letter is a longer form version of similar grievances with somewhat more detail, but even taken together with the information on the form is not enough to meet the pleading requirements of the Federal Rules or to fill in the gaps described above.  See [id. at 6–7].  The narrative references a "hostile work environment" over several years but does not detail what made the work environment hostile during that time period.  See [id. at 7].  It makes oblique references to Plaintiff's age, but is unclear as to whether Plaintiff is alleging age or another type of discrimination.  See [id.].  Plaintiff states in the narrative that evidence from the arbitration would "exonerate" her "if an unbiased court lawyer will just look through the pages," but she does not identify what evidence she is referencing.  See [id.].

Plaintiff's failure to comply with the pleading standards of the Federal Rules is sufficient to dismiss the Complaint.  The facts and claims presented in the Complaint are not stated with enough clarity or specificity to allow this action to proceed.

Although this Complaint will be dismissed based on its pleading deficiencies, because the Court anticipates that Plaintiff may seek to amend her Complaint, the Court makes the following additional observations.

To the extent that Defendants have been able to respond to the Complaint, they argue that Plaintiff is asserting a hybrid claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").  See [ECF No. 12-1 at 11; ECF No. 17 at 1–2].  They contend

6

that any Section 301 claim is time-barred by the six-month statute of limitations and also that such a claim fails on the merits. See [ECF No. 12-1 at 11–12; ECF No. 17 at 2].[3]

As a general rule, employees subject to collective bargaining agreements are required to exhaust grievance or arbitration procedures and will be bound by the result. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983). In some cases, however, "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." Id. at 164. Such a claim is referred to as a hybrid claim and comprises two causes of action: a suit against an employer for breach of the collective bargaining agreement and a suit against a union for breach of the union's duty of fair representation. Id. at 164–65.

To succeed in a hybrid action, "a plaintiff must prove *both* that the employer broke the collective bargaining agreement and that the union breached its duty of fair representation, in order to recover against either the employer or the union." Chaparro-Febus v. Int'l Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. 1992). "A union breaches its duty of fair representation only when it engages in arbitrary, discriminatory, or bad faith conduct." Id. Hybrid actions are subject to a six-month statute of limitations. Graham v. Bay State Gas Co., 779 F.2d 93, 94 (1st Cir. 1985). "A cause of action in a hybrid Section 301/fair representation suit arises when the plaintiff knows, or reasonably should know, of the acts constituting the

---

[3] Given the pleading defects, it is unclear whether Plaintiff is trying to assert a hybrid claim or something different. The Court addresses the Defendant's arguments given the possibility of an amended complaint and to provide some guidance to the *pro se* Plaintiff.

7

union's alleged wrongdoing." Cullen v. Henry Haywood Mem'l Hosp., 95 F. Supp. 3d 130, 135 (D. Mass. 2015) (quoting Graham, 779 F.2d at 94).

Here, assuming a hybrid claim on the part of the Plaintiff, the six-month limitations period has likely expired. Plaintiff filed her Complaint in Superior Court on March 12, 2019. See [Compl.]. There are three possible dates on which Plaintiff's cause of action could have accrued: the date Plaintiff met with an attorney at the National Labor Relations Board "related to [her] concerns before Arbitration began" (April 2017), the last day of the arbitration (February 26, 2018), and the date of the arbitrator's decision (October 16, 2018). See [ECF No. 14 at 160, 165–66]. Plaintiff's claim would only be timely if it accrued when the arbitrator rendered his decision, rather than before, during, or immediately after the arbitration. Plaintiff, however, reasonably should have been aware of the alleged wrongdoing by MNA before October 16, 2018 because the Complaint alleges conduct related to and occurring during the arbitration proceedings. Because there is no indication that Plaintiff would not have been aware of these issues by the last day of the arbitration, at the very latest, her Complaint is likely untimely.

Even if Plaintiff can make a timely hybrid claim, it would still likely fail on the merits. To state a hybrid claim, Plaintiff must adequately allege "*both* that [her] employer broke the collective bargaining agreement and that the union breached its duty of fair representation . . . ." Chaparro-Febus, 983 F.2d at 330. Here, even assuming that Plaintiff has alleged that her employer breached the collective bargaining agreement by terminating her, she has not adequately alleged that MNA breached its duty of fair representation by engaging in "arbitrary, discriminatory, or bad faith conduct." See id. First, the Court finds it difficult to decipher which actions described in the Complaint are attributed to MNA and which are attributed to other Defendants. Much of the alleged "fraudulent" conduct seems to relate to the arbitrator or

Plaintiff's employer, rather than to MNA. See [Compl. at 4]. The general allegations that attorneys, including MNA's attorney, had a role in making certain film footage unavailable at the arbitration and that all defendants discriminated against Plaintiff in the employment context are not sufficient to support a claim that MNA engaged in arbitrary, discriminatory or bad faith conduct as required to make out a hybrid claim against MNA, Steward Health Care, LLC or their agents, even with the liberal reading afforded to *pro se* litigants. See A.G. ex rel. Maddox, 732 F.3d at 80.[4]

## IV. CONCLUSION

Accordingly, Defendants' motions to dismiss [ECF Nos. 12, 17] are GRANTED without prejudice. Plaintiff has leave to file an amended complaint within 30 days. Plaintiff should title this document "Amended Complaint." An amended complaint completely supersedes the original complaint, so Plaintiff must include in the amended complaint anything in the original complaint that she wishes to be part of the operative complaint. Plaintiff is not obligated to use a form complaint. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The amended complaint must also identify, in a non-conclusory fashion, the alleged misconduct of each defendant. Plaintiff may not simply refer to "defendants" collectively in the amended complaint unless it can be reasonably inferred that every defendant participated in the claim in question.

---

[4] Because Plaintiff has failed to adequately plead any claim for relief, the Court finds it unnecessary to address Defendants' additional arguments that (i) Section 301 preempts any state law claims and (ii) Lamond and Boulanger are immune from suit in this case. See [ECF No. 12-1 at 1–2; ECF No. 17 at 2].

**SO ORDERED.**

May 31, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE